**Jacqueline J. EARHART, Respondent,**

v.

**James F. EARHART, Appellant.**

**No. WD 56642.**

Missouri Court of Appeals,
Western District.

March 14, 2000.

Robert B. Randolph, St. Joseph, for respondent.

Gary M. Steinman, Gladstone, for appellant.

Before: ULRICH, P.J., and EDWIN H. SMITH and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

James F. Earhart appeals from the trial court's judgment dissolving his marriage and ordering him to pay $539 monthly in child support to Jacqueline J. Earhart. Appellant's sole point on appeal is that the trial court erred in failing to give him a credit for his support responsibility for his child from his prior marriage, who is in his primary physical custody.

We reverse and remand.

### Facts

Jacqueline J. Earhart and James F. Earhart were married on May 16, 1996. Appellant and Respondent have two children: Kaitlin J. Earhart, born September 3, 1993, and Kassidy J. Earhart, born March 26, 1996. Appellant is the custodial parent of a third child by a prior marriage named Landra Earhart.

On April 7, 1998, Respondent filed her petition for dissolution of marriage. The court entered its judgment for dissolution of marriage in this matter on November 2, 1998. The trial court adopted Respondent's Form 14 and awarded Respondent child support in the amount of $539. The Form 14 adopted by the trial court did not give Appellant a credit for support responsibility for Landra Earhart. This appeal followed.

### Argument

The sole point on appeal is that the trial court erred in assessing Appellant's child support obligation in the amount of $539 per month in accordance with Respondent's Form 14 because the trial court incorrectly excluded from the child support calculation Appellant's support responsibility for his child from his prior marriage, who is in his primary physical custody.

■ "On appellate review, a determination of child support will be affirmed unless it is unsupported by substantial evidence, is against the weight of the evidence, or misstates or misapplies the law." *In re Marriage of Kohring*, 999 S.W.2d 228, 234 (Mo. banc 1999). We review the Form 14 used by the trial court to ensure it is accurate and supported by substantial

evidence. *Samples v. Kouts,* 954 S.W.2d 593, 597 (Mo.App. W.D.1997).

■ "The use of Form 14 in calculating child support is mandatory." *Woolridge v. Woolridge,* 915 S.W.2d 372, 378 (Mo.App. W.D.1996). Both parties are required to submit Form 14 worksheets in a child support case. *Id.* at 380. "The trial court must reject any Form 14 if any item is incorrectly included in the calculation, an amount of an item included in the calculation is incorrect, or the mathematical calculation is incorrect." *Samples,* 954 S.W.2d at 597.

The Directions, Comments for Use and Examples for Completion of Form No. 14 provide as follows with regard to line 2c:

Direction: Enter the monthly amount of the support obligation of the parent for any children in his or her primary physical custody and not the subject of this proceeding.

The amount of the adjustment is the amount in the schedule of basic child support obligations that represents that parent's support obligation based only on the parent's gross income and without any adjustment for other children for whom the parent is responsible.

As previously mentioned, the trial court did not give Appellant this credit for the child in his custody. Appellant requests that this court reverse the trial court's decree of dissolution of marriage and remand to the trial court for recalculation of the child support amount to include a credit for the child in his custody.

■ Respondent contends that Appellant is not entitled to the credit because he receives social security benefits on the account of his deceased wife in the amount of $508 for himself and the same amount for his daughter. Respondent suggests that the drafters of the directions and comments for use of Form 14 did not intend for the credit for other children in a par-

ent's custody to be given in situations like the one in this case, where the parent receives social security benefits. Respondent suggests that the credit should only be given where the parent has earned income. Alternatively, Respondent suggests that if this court finds that Appellant is entitled to a credit, we should calculate a Form 14 child support obligation and enter the appropriate amount, rather than remanding to the trial court.

We initially note that Respondent cites no authority for her statement that the drafters of Form 14 did not intend the credit for other children in a parent's primary physical custody to be given in cases such as this one, where the parent receives social security benefits. Furthermore, we find no indication in the Directions, Comments for Use and Examples for Completion of Form No. 14 that the drafters intended that parents in Appellant's situation not receive a credit for other children in their custody. The trial court erred in not including on line 2c of Form 14 Appellant's support responsibility for his child from a prior marriage.

Concerning the $508 Appellant receives on his own behalf on the account of his deceased wife, this amount was included in Appellant's monthly gross income for the purpose of calculating the presumed child support amount.[1] Appellant is not getting a windfall through his receipt of this income. If Appellant receives additional monies through social security benefits for the benefit of his daughter, this could be a relevant factor in the determination of the appropriateness of a support amount.

The judgment of the trial court is reversed and remanded to the trial court with instructions to make Form 14 calculations consistent with this opinion, and to receive additional evidence, if necessary, to determine the correct figures for calculating Form 14. The trial court is then to

1. We also note that Appellant's social security benefits only represent part of his monthly gross income as calculated by the trial court.

consider the Form 14 calculation and award the amount so determined, or to make specific findings as to the injustice or inappropriateness of such award and to make such other award as the trial court believes is warranted by the evidence in this case.

ULRICH, P.J., and EDWIN H. SMITH, J., concur.